United States District Court
Southern District of Texas
**ENTERED**
May 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Kendan Miller, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-25-152 |
| | § | |
| | § | |
| City of Rosenberg, Texas | § | |
|    *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) for full pretrial management. ECF No. 9. The court *sua sponte* recommends this case be dismissed for failure to prosecute

### *1. Background*

On April 17, 2025, the court conducted the initial conference in this case and entered a scheduling order. ECF No. 8. Plaintiff appeared at the initial conference via Zoom. Prior to the conference, Defendant filed a Request for a Pre-Motion Conference seeking to file a motion to dismiss. ECF NO 6. After the initial conference, the district judge referred the entire case to the undersigned magistrate judge for full pretrial management. ECF No. 9. The court issued a notice setting a hearing on the request for a pre-motion conference to be held on May 1, 2025. ECF No. 10. On April 29, 2025, the court's case manager sent the Zoom link for the hearing to both parties. The case manager used the same email address for the Plaintiff as was used to provide the Zoom link for the initial conference. The email address is [kendanm1989@yaoo.com](mailto:kendanm1989@yaoo.com). The court obtained the email address from the documents that Plaintiff had filed in state court before

the case was removed. *See* ECF No. 1 at 10. Plaintiff failed to appear at the May 1 hearing. The court entered a Minute Entry Order, ordering the Plaintiff to appear in person for a show cause hearing on May 16, 2025, in Courtroom 703 at 10:30 a.m. ECF No. 12. The Clerk's Office mailed a hard copy of the order by certified mail, return receipt requested, to the physical address that Plaintiff gave when he filed this lawsuit. *See* ECF No. 13. The tracking tool found on the U.S. Postal Service's webpage shows Notice of the Delivery was left at the Plaintiff's address, but because no authorized recipient was available, the recipient would need to reschedule delivery. ECF No. 14. The hearing was held, and Plaintiff failed to appear. Defense counsel explained that he had mailed and emailed the court's May 1, 2025 Minute Entry Order to Plaintiff, but that he had had no communications with Plaintiff since before the initial conference.

### *2. Legal Standards*

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most

cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. Id. at 802 (quoting Berry, 975 F.2d at 1191).

### 3. Analysis
#### a. Clear Record of Delay

Plaintiff is appearing pro se, so he is responsible for all efforts to prosecute this case. Although Plaintiff appeared at the initial conference in this case, he has failed to appear at two subsequent hearings, one via Zoom and one live in the courtroom. At the May 15 hearing, defense counsel stated that he tried several times to contact Plaintiff but was unsuccessful. It also appears that Plaintiff did not contribute to the preparation of the Joint Discovery/Case Management Plan, which is required. *See* ECF No. 7. These facts show a clear record of delay.

#### b. Futility of Lesser Sanctions

Plaintiff represented in state court that he was unable to pay court costs, ECF No. 1 at 8, so a monetary sanction would not likely provoke any action. Plaintiff appears to have abandoned his claim. He will not respond to the court or to Defense counsel's communications. He failed to appear at the show cause hearing. There appears to be nothing the court can do to get the Plaintiff's attention on this case. There are no other steps the court can take that will prompt Plaintiff to participate in this case. Lesser sanctions would be futile.

#### c. Aggravating Factors

Plaintiff does not have a lawyer, so any delay can only be attributed to him. The delay in this case can only be characterized as intentional. Plaintiff has failed to appear for two court-ordered

hearings and has made no attempt to communicate with the court or opposing counsel.

### *4. Conclusion*

For the foregoing reasons, the court recommends that this case be **DISMISSED with PREJUDICE** for failure to prosecute.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on May 18, 2025.

_____
Peter Bray
United States Magistrate Judge